## THE MASON AND HAMLIN ORGAN COMPANY, Respondent, *v.* WILLIAM PUGSLEY, Appellant.

*Commission to take testimony, cannot be issued without an order of the court — where issued by consent, an order must be entered on stipulation — commission must be under seal — Stipulation to waive irregularities must be in writing — Rule 11 — When a party is not bound to move to suppress a deposition.*

APPEAL from a judgment in favor of the plaintiff, entered upon the report of a referee, and from an order made at Special Term, denying a motion for a new trial made on the ground of surprise.

The court at General Term said : " The only ground of error now urged is that the deposition of the witness, Dayton, taken on commission, was improperly excluded. But no authority for the issuing of the commission was shown. It seems to have been issued without the sanction of an order from the court or judge. This was necessary to its validity. (Code of Civil Procedure, § 889; *Tracy* v. *Suydam*, 30 Barb., 110; *Whitney* v. *Wyncoop*, 4 Abb., 370, 374.) So, too, if issued by consent there must be an order on stipulation. (Code of Civil Procedure, § 908.) Here there was no stipulation or order. The commission should also have been under the seal of the court. (*Tracy* v. *Suydam*, *supra*, 115; *Whitney* v. *Wyncoop*, *supra*, 374; *Ford* v. *Williams*, 24 N. Y., 366.) The Code of Civil Procedure (§ 24) has effected no change of the law in this particular. A seal is still necessary when the writ or process is issued by special order of the court. The commission being without authority of law, the acts of the commissioner under it would, according to some authorities (30 Barb., 115, and cases there cited), be extra judicial, and the deposition no better than the unverified statement of the witness. Nor was there any direction by the court or by any officer as to the manner of its return. This objection should not, however, be held important, as it was not specifically made. The answer to the objections urged against the admission of the deposition is, that all the irregularities on which they were based were waived by the plaintiff's attorney. But no binding valid waiver is shown. To be valid, the waiver should have been evidenced by a writing signed by

the party to be concluded by it. This is required by Rule 11 of this court. But a waiver by *parol* even is here unequivocally denied by the plaintiff's attorney. It was to avoid the disagreeable necessity, often imposed upon the court, of looking into conflicting affidavits of attorneys to settle questions of veracity between them relating to proceedings in suits, that this rule was adopted. But it is urged that the plaintiff's attorney should have moved to suppress the deposition, and could not urge the objections interposed by springing them upon his adversary on the trial. This course, however, is only obligatory when the party has knowledge of the irregularity in the issuing or execution of the commission a sufficient time before the trial to enable him to make the motion to suppress. (*Newton* v. *Porter*, 69 N. Y., 133.) Under this rule of practice, the party was excused from making the motion, because of the want of time to make it after the return of the deposition and before trial ; the commission and deposition, it seems, were not returned and filed in the clerk's office until December the 4th, and this was not known to the plaintiff's attorney until the day before the trial, which was set down for the 12th, and commenced on that day. So the plaintiff,. in this case, was not bound to move to suppress the deposition,. but was at liberty to urge the objections when it was offered to be read on the trial. Especially was this so, as the objections went to the validity of the writ or process, by virtue of which the deposition was taken, and were, therefore, of more significance than would be objections for mere informality in its execution or return. But this distinction, formerly well recognized and clearly marked (*Goodyear* v. *Vosburgh*, 41 How., 422; *Burrill* v. *Watertown Loan Co.*, 51 Barb., 115; *Rust* v. *Eckler*, 41 N. Y., 497),. seems to be very much, if not entirely, taken down in *Newton* v.. *Porter*, above cited. There was no error in the rejection of Dayton's. deposition, entitling the defendant to a reversal of the judgment."

Johnson & Carver, for the appellant. G. L. Sessions, for the respondent.

Opinion by BOCKES, J.; LEARNED, P. J., and BOARDMAN, J., concurred.

Judgment affirmed, with costs; order denying new trial on ground of surprise affirmed, with costs.